Lenore L. Albert, Esq.   SBN 210876
LAW OFFICES OF LENORE ALBERT
7755 Center Avenue, Suite #1100
Huntington Beach, CA 92647
Telephone (714) 372-2264
Facsimile (419) 831-3376
Email: lenorealbert@msn.com
Attorney for Debtor, pro se



FILED

APR -6 2018

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re LENORE LUANN ALBERT-SHERIDAN d/b/a LAW OFFICES OF LENORE ALBERT | Chapter 13<br><br>CASE NO. SA 8:18-bk-10548-ES<br><br>ADVERSARY NO. _____ |
| Debtor, | Assigned to the Hon. Erithe A. Smith, Ctrm: 5A – Fifth Floor |
| LENORE LUANN ALBERT-SHERIDAN d/b/a LAW OFFICES OF LENORE ALBERT, | **COMPLAINT** |
| Petitioner/Plaintiff(s),<br><br>v.<br><br>MARICRUZ FARFAN, an individual; BRANDON TADY, an individual; ALEX HACKERT, an individual; PAUL BERNARDINO, an individual; HON. YVETTE ROLAND, an individual; STATE BAR OF CALIFORNIA, a public corporation, | **1. DISCHARGEABILITY OF DEBT**<br>**2. 11 USC §525(a) VIOLATION**<br>**3. 42 USC §1983 VIOLATION**<br>**4. ROSENTHAL/FDCPA**<br>**5. BUS & PROF CODE §§ 6103; 6140.7 & 6086.10 ARE UNCONSTITUTIONAL**<br><br>[** EMERGENCY TRO REQUESTED**]<br><br>[JURY TRIAL DEMANDED FOR PUNITIVE DAMAGES PHASE OF TRIAL] |

1
COMPLAINT
Albert-Sheridan v Farfan, et al
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

Respondents/Defendants.

1. This adversary proceeding is a core proceeding within the meaning of 28 USC §157(b)(2) pursuant to FRCP 7001; and 11 USC §§ 105(a), 523 and 525. This adversary proceeding is a noncore proceeding as to the FDCPA claim which this court can hear pursuant to 28 USC §157.

2. This court has jurisdiction pursuant to 28 USC §§ 157, 1334 and 42 USC §1983.

3. Plaintiff Lenore Albert-Sheridan, d/b/a Law Offices of Lenore Albert is the Debtor in this bankruptcy case. She was admitted to practice law on December 5, 2000 before the California Supreme Court and given member license number 210876. Her office is located in Huntington Beach, California.

4. Defendant Maricruz Farfan is an employee working in the probation department of the California State Bar located at 845 S Figueroa Street, Los Angeles, California. She represents that she is the probation clerk assigned to Ms. Albert's matter. Maricruz Farfan backdated Plaintiff's suspension by over 30 days then uploaded a reminder letter to plaintiff informing her that she had to meet with Farfan within the first 30 days of suspension. When plaintiff tried to question Farfan about this back dated suspension Farfan refused to communicate with her.

5. Defendant Brandon Tady is an attorney and employee working in the State Bar Court of the California State Bar located at 845 S Figueroa Street, Los Angeles, California. He is one of the state bar prosecutors that prosecuted the State Bar's case against Ms. Albert at the State Bar court level. (Neither Mia Ellis nor Sheryll MacFarlane who originally prosecuted the State Bar matters against Debtor are assigned prosecutors so they have not been named). Brandon Tady prosecuted plaintiff knowing she had not done anything wrong and demanded collection of the purported debts. When

2
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

plaintiff tried to question Tady about the back dated suspension Tady refused to communicate with her.

6. Defendant Alex Hackert is an attorney and employee working in the State Bar Court of the California State Bar located at 845 S Figueroa Street, Los Angeles, California. He is one of the state bar prosecutors that prosecuted the State Bar's case against Ms. Albert at the Review Department. Alex Hackert prosecuted plaintiff knowing she had not done anything wrong and demanded collection of the purported debts. When plaintiff tried to question Hackert about this back dated suspension Hackert refused to communicate with her.

7. Defendant Paul Bernardino is an attorney and employee working in the General Counsel office of the California State Bar located in San Francisco, California. He is the attorney that argued the state civil rights appellate case, arguing that the state courts have no jurisdiction over the subject matter of any of Debtors' constitutional rights violated by the State Bar. Paul Bernardino defended the prosecutors actions knowing plaintiff had not done anything wrong and demanded collection of the purported debts. When plaintiff tried to question Bernardino about this back dated suspension Bernardino refused to communicate with her.

8. Defendant Hon. Yvette Roland is a judge and employee working in the State Bar Court of the California State Bar located at 845 S Figueroa Street, Los Angeles, California. She has been assigned all of the cases against Debtor and it is her pen that can lift the suspension making her a necessary and indispensable party to this action.

9. Defendant State Bar of California is a public corporation that is fully funded by private members as opposed to tax revenue. Ms. Albert has been a member of this Bar since December 5, 2000.

10. Debtor was fooled and beguiled by a group of sovereign citizen extremists (not knowing they were sovereign citizen extremists) whom descended on her office in or about 2013.

3
COMPLAINT
Albert-Sheridan v Farfan, et al

In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

11. In or about September 25, 2013 the back window of her SUV was blown out which led her letting her shield down allowing her to accept this group of extremists invitation to help her so she allowed them into her personal space.

12. By December 2013 her bank account had been bled dry, by March 2014 she hired a private investigator/crises management expert to try to figure why former employees were getting random slanderous phone calls and others were reporting threats; by April 18, 2014 an employee sabotaged the office by stealing work product, files, laptop, car keys, office keys and the security access code. By July 2014 she was assaulted and State Bar complaints were coming down on her office like rain.

13. The only way to describe it is like the traditional sovereign citizen tactic of putting liens on judge's property that they disagree with; but instead of having a home, the sovereign citizens put proverbial liens in the way of State Bar complaints against Debtor and then when they ran out of people they contacted opposing counsel, opposing parties and ran through court files to have more filed.

14. A few of those complaints made it to the litigation stage.

15. State Bar prosecutors filed 4 charges against Debtor. One charged was dismissed after they rested their case in front of Judge Roland. A second charge was dismissed after Debtor appealed to the Review Department.

16. Debtor unsatisfied with the result petitioned review with the California Supreme Court.

17. On February 14, 2018 the California supreme court issued a five word order that read: Petition for rehearing is denied.

18. On February 21, 2018 Debtor filed for bankruptcy protection and listed the State Bar of California as a creditor along with the underlying creditor: 10675 S Orange Park Acres Blvd, LLC; Francis B Lantieri and Gary A Schneider.

4
COMPLAINT
Albert-Sheridan v Farfan, et al
In re Lenore Albert-Sheridan                          SA 8:18-bk-10548-ES

19. Debtor filed notice with the State Bar court, giving notice of the bankruptcy stay, the ruling of February 14, 2018 and her intent to seek Cert from the U.S. Supreme Court. (Debtor has been admitted to practice law before the U.S. Supreme Court since 2008).

20. After the stay, on or about March 16, 2018 the State Bar represented to others via its website that it suspended Debtor's license on February 14, 2018 with a 30 day suspension. The reinstatement of her license to practice law was conditioned on Debtor paying creditors Francis B. Lantieri, Gary Schneider, and 10675 S Orange Park Blvd, LLC $ 8,929.27 ($5,738.00 plus interest as of 8/31/12) although they were never her clients plus the State Bar an additional $18,714.00.

21. Ms. Albert was never given notice of the date of suspension from the State Bar court or the California Supreme Court.

22. On or about March 26, 2018 she logged onto her web page private profile from the California State Bar and downloaded a letter dated March 20, 2018 from defendant Maricruz Farfan telling her that she had to act by March 16, 2018 and hold a meeting with Ms. Farfan or else Debtor's suspension would continue. Such conditions were impossible. There was never a notice provided before this point.

23. Debtor also received a letter by mail dated March 13, 2018 informing Debtor that her license would remain suspended until she paid the $8,929.27 to the third parties and $18,714.00 to the State Bar. It warned that the State Bar would reduce the $18,714 to a judgment and seek enforcement of judgment if she did not immediately pay.

24. Ms. Albert has repeatedly demanded further explanation or reinstatement from defendants, and each of them, but they have refused to explain their actions, reinstate her license, file a creditor's claim or otherwise act.

25. Ms. Albert is a civil rights and consumer protection attorney who has had her ability to practice in her profession and her sole source of income ripped away from her.

26. The $8,929.27 award to the 10675 S Orange Park Blvd, LLC entity is based on discovery requests that were given to Helen Koshak when she was representing herself

5
COMPLAINT
Albert-Sheridan v Farfan, et al
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

in pro per in an unlawful detainer action. She never responded to them. 10675 S Orange

Park Blvd, LLC filed a motion to compel. The motion was not captioned with Ms.

Albert's name when seeking sanctions in violation of CCP §, yet the court commissioner

signed the order presented to him with Ms. Albert being held jointly and severally liable

with Helen Koshak for the attorney fees awarded to 10675 S Orange Park Blvd, LLC.

The Commissioner thereafter admitted he was acting in a biased manner and recused

himself, making his prior rulings null and void. Three years later, on the eve of the

disciplinary charges filed by the State Bar against Debtor for not paying her client's debt

to 10675 S Orange Park Blvd, LLC, 10675 S Orange Park Blvd, LLC took its first action

at an attempt to collect on this purported debt and recorded a judgment lien against Ms.

Albert in the Orange County Recorder's office on December 18, 2015 three days after

the State Bar filed its NDC. The State Bar found that whether or not the order was valid

or void was irrelevant and such evidence could not be brought before the tribunal.

27. After the court made its ruling, the judgment lien recorded by 10675 S Orange

Park Blvd, LLC was never cancelled or voided. The State Bar court and Review

Department refused to give a name to whom the money was payable to – so did

Maricruz Farfan in her letter for probation.

28. This is double dipping. The same debt is doubled. Moreover, it is dischargeable

under 11 USC §522(f) and 11 USC §525(a).

29. Furthermore, when Ms. Albert went to pay her fees online there was nearly a

$19,000.00 credit in her account. She immediately contacted the State Bar thinking it

was an error. However, the State Bar merely responded that there was heavy traffic and

never mentioned the credit. Between February 1, 2018 to the present Ms. Albert has

informed the State Bar about this credit in her account on several occasions and they

have ignored her. In fact, they refused to agree with her that it was a mistake.

30. Recently, Ms. Albert logged back onto the page to try to see if she could make

payment on the disciplinary costs but the button for it would not work. However, her

6
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                           SA 8:18-bk-10548-ES

membership fee bill showed that the $18,714.00 was added to her annual fee statement. Moreover, the credit to pay those disciplinary costs were still there, meaning that this credit was not a mistake but someone, probably feeling great empathy for Ms. Albert donated the disciplinary costs to her account. But she has been prevented by the State Bar from applying them. She placed the State Bar in her Chapter 13 plan and made her first plan payment, but that payment has not been credited to Ms. Albert by the State Bar either.

31. This came weeks after all parties were listed as Creditors and notified of the Bankruptcy on February 20, 2018 in violation of the stay. The court has the power to reinstate Ms. Albert's license under 11 USC 525(a) and to sanction Creditors for violating it under 11 USC 362(k).

32. The State Bar has been acting as a debt collector for third party creditors Francis B. Lantieri, Gary Schneider, and 10675 S Orange Park Blvd, LLC. Ms. Albert was never charged with or found to have violated any ethical rules laid out in the California Rules of Professional Responsibility.

33. By taking away her sole source of income (her license to practice law), they have taken away a valuable asset from her bankruptcy estate.

34. On April 4, 2018 she was disqualified from representing her client in Mackovski v City of Garden Grove. She was then forced to inform the rest of her clients (all of whom don't want to change attorneys) that they need to find other counsel. Some have impending deadlines and they are frightened.

35. Debtor is not married and she is the sole source of her financial support.

36. Moreover, she was running for Orange County District Attorney. Greg Diamond, one of the extremists that has been trying to get Ms. Albert disbarred since 2014, filed a petition of writ of mandate to have her removed from the ballot. That will be heard by Judge Griffin on April 5, 2018 at 2:00PM He did this knowing she filed for bankruptcy protection. He insists that she was suspended from the practice of law when the papers

7
COMPLAINT
Albert-Sheridan v Farfan, et al
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

were pulled on March 9, 2018 thus making her ineligible to run for this seat. The position of District Attorney pays a salary over $200,000.00 and is a contingent asset of the bankruptcy estate.

37. Third, the Chapter 13 trustee Amrane Cohen has filed a motion to involuntarily convert Ms. Albert's case to a Chapter 7 on the grounds that she no longer has a source of income. He made a deal with Ford Credit to get $50,000.00 from them. Ford Credit came into this court for Relief from stay to try the case on April 2, 2018. Then on April 2, 2018 it threatened the state court it would remove the case to federal court if the trial proceeded because them paying $50,000.00 is much cheaper than the $1 million a jury will give Debtor for the IIED they caused when they acted in concert and conspired the extremists. Debtor told the Chapter 13 trustee that personal injury awards for her PTSD is excepted but he disagreed. He was a fool because Ford Credit offered her over $200,000.00 which she turned down because when large institutions decide to use extremists that have been characterized by law enforcement as domestic terrorist threats, then they need to be held accountable.

38. The State Bar did not do anything as the sovereign citizen extremists put Debtor's face on one of their extremists websites and solicited State Bar complaints from the general public against her.

## FIRST CAUSE OF ACTION
## DISCHARGEABILITY OF DEBT (11 USC §522 – 11 USC §523)
### Against the California State Bar

39. Plaintiff incorporates the allegations in paragraphs 1 through 38 as though fully set forth herein

40. On or about March 13, 2018 the California State Bar drafted a letter to plaintiff asserting she owed $8,927.00 plus $18,714.00.

41. These debts are judgment liens dischargeable under 11 USC §522(f) and/or 11 USC §523 because they are compensatory in nature: (1) the $8,927.00 an award of

8
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

attorney fees on a void order reduced to a judgment lien recorded in the Orange County Recorder's office by 10675 S Orange Park Blvd, LLC, Francis B Lantieri and Gary A Schneider; and (2) the $18,714.00 an award of costs to the California State Bar for collecting on this debt of a third party creditor that was neither plaintiff's client or a government agency.

42. Wherefore Plaintiff prays the court declares the debt dischargeable.

## SECOND CAUSE OF ACTION
## VIOLATION OF 11 USC §525(a)
### (Against Defendant California State Bar)

43. Plaintiff incorporates the allegations in paragraphs 1 through 42 as though fully set forth herein

44. Defendant State Bar of California is a governmental for the purposes of 11 USC 525a.

45. Defendant refuses to reinstate plaintiff's license until she pays them $18,714.00 and pays 10675 S Orange Park Blvd, LLC, Francis B. Lantieri and Gary A. Schneider $8,729.00 "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured" is automatically stayed once the debtor seeks bankruptcy. 11 USC §101(5)(A).

46. Defendants Maricruz Farfan, Brandon Tady, Alex Hackert, Paul Bernardino, and the Hon. Yvette Roland, acting on behalf of, as agents, representatives, or employees of Defendant State Bar of California have suspended and/or refused to reinstate Debtor's license to practice law, and/or conditioned such a grant to reinstate, in a discriminatory manner, because said condition is solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but

9
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

1  before the debtor is granted or denied a discharge, or has not paid a debt that is

2  dischargeable in the case under this title.

3     47. As a result of the Defendants conduct, Plaintiff has been harmed by being barred

4  from her sole source of income and has caused/is causing irreparable harm to her

5  fundamental right to run for office as Orange County's hopefully first female elected

6  District Attorney.

7     48. As a proximate result, Defendant has also harmed the public such as Debtor's

8  clients who were relying on her to advance their causes such as Ms. Noble, Ms. Richters,

9  Mr. Mackovski, Mr. Hartman and Crafab.

10     49. Defendant's conduct is a substantial factor in bringing out that harm.

11     50. As a result of the Defendants act of suspending Debtor's license and/or refusal to

12  reinstate Debtor's license to practice law, the assets to the bankruptcy estate are at risk.

13     51. Wherefore plaintiff prays for emergency relief pursuant to 11 USC §105,

14  preliminary injunctive relief and permanent injunctive relief.

### THIRD CAUSE OF ACTION

### CIVIL RIGHTS VIOLATION 42 USC §1983

### (Against All Individual Defendants)

18     52. Plaintiff incorporates the allegations in paragraphs 1 through 42 as though fully

19  set forth herein.

20     53. Defendants acted under color of state law by purporting to act as employees of the

21  California State Bar in their official performance of their duties.

22     54. On or about March 19, 2018 Defendant Maricruz Farfan told Debtor that the State

23  Bar court told her and/or directed her to make Ms. Albert suspended effective February

24  14, 2018.

25     55. Debtor notified each individual of the bankruptcy stay and demanded an

26  explanation from Brandon Tady, Paul Bernardino, Alex Hackert, and Hon. Yvette

27  Roland but none were forthcoming.

28

10
COMPLAINT
Albert-Sheridan v Farfan, et al
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

56. Debtor never received notice that she would be suspended on February 14, 2018 by anyone.

57. As a result of these actions, a cascade of stories went out to the public that Ms. Albert was suspended when she filed and paid over $2,600.00 to run for Orange County District Attorney on March 9, 2018. Although on March 9, 2018 the Bar website still showed Ms. Albert's license active and able to practice law. Opposing counsel started filing papers with the court and requesting that papers Ms. Albert filed on behalf of her clients be ignored because she was practicing purportedly while being suspended and her clients were receiving communications that they needed to defend themselves.

58. By April 4, 2018 Ms. Albert was disqualified from representing a client in federal court because the State Bar is holding itself out as having suspended Ms. Albert for thirty days but has not taken the suspension off from the website. She also had to defend against a petition for writ of mandate set for April 5, 2018 to remove her from the ballot of the District Attorney's race and had to tell all of her clients of the situation.

59. Defendants acts and/or failure to act as described above deprived plaintiff of her particular rights under the law of the United States Constitution.

60. Defendants either conspired with, aided and abetted, acted in concert with, permitted, failed to train, improperly trained and/or ratified the acts of their co-defendants making them jointly and severally liable.

61. As a result of Defendants acts and/or failure to act, plaintiff's fundamental rights under the First Amendment to seek office and give voters a choice for District Attorney were violated.

62. As a result of Defendants acts and/or failure to act, plaintiff's right to Due process and notice of her suspension date before she was suspended and/or back dating her suspension on March 20, 2018 to February 14, 2018 under the Fourteenth Amendment were violated.

63. As a result of Defendants acts and/or failure to act, plaintiff's right to have her license and be free from prosecution for the debts of her clients under the Fourteenth Amendment and the equal protection clause were violated.

64. As a result of Defendants acts and/or failure to act, by snatching plaintiff's law license while under the protection of the US Bankruptcy court violated her First Amendment, Fourth Amendment, Fifth Amendment, and Fourteenth Amendment rights.

65. Plaintiff is entitled to injunctive relief against the individual defendants.

## FOURTH CAUSE OF ACTION
## ROSENTHAL ACT/UNFAIR DEBT COLLECTION PRACTICES/
## RETALIATION/ ABUSE OF PROCESS/
## HARRASSMENT AND/OR CONSTITUTIONAL RIGHTS VIOLATION
### Against Defendants Maricruz Farfan, Brandon Tady, Paul Bernardino, Alex Hackert and California State Bar

66. Plaintiff incorporates the allegations in paragraphs 1 through 42 as though fully set forth herein.

67. The individual defendants Maricruz Farfan, Brandon Tady, Alex Hackert, have been using the California State Bar to file debt collection actions against Debtor, and others similarly situated, carefully disguised as Disciplinary charges since on or about December 15, 2015.

68. The California State Bar is not funded by tax revenue. It is solely funded by its members and a substantial portion comes from their fixed cost sheet for prosecutions giving the employees a financial incentive to investigate, charge and prosecute for a certain result against a Bar member.

69. For the purpose of this cause of action, the State Bar does not meet the government unit test because it can own property in its own name, sue and be sued in its own name and its revenue comes from its own members.

12
COMPLAINT
Albert-Sheridan v Farfan, et al
In re Lenore Albert-Sheridan                          SA 8:18-bk-10548-ES

70. Additionally, the California State Bar does not have any office of Internal Affairs or Internal Investigations to report wrongdoing or abuse by its employees, thus providing plaintiff no forum for relief. There are no checks and balances.

71. Defendants are debt collectors as defined in the Rosenthal Act. Alternatively, Defendants are debt collectors as defined in the FDCPA.

72. Rosenthal Act incorporates FDCPA §1692 and references to the FDCPA mean the counterpart in the Rosenthal Act herein, too.

73. On or about December 15, 2015 the State Bar prosecuted Ms. Albert for not paying Helen Koshak's debt to 10675 S Orange Park Blvd, LLC, Francis B Lantieri and Gary A Schneider.

74. The Defendant unlawfully brought its debt collection lawsuit against Plaintiff in Los Angeles County, California although Plaintiff does not reside there and no contract being sued upon was signed in Los Angeles county, violating 15 USC §1692i.

75. Defendant then advertised on the website that it was prosecuting plaintiff from January 2016 to the present even though Ms. Albert was not on probation, thus opening her up to constant extortion by clients and having opportunists walk into her office door. It became a situation if Ms. Albert did not pay clients to keep quiet and pay their bills and/or work for free they would report her to the State Bar.

76. Shortly thereafter in or about March 2016, defendant initially contacted plaintiff in connection with a debt purportedly owed to Devin Lucas.

77. During this initial contact, defendant California State Bar did not supply plaintiff with the information required by 15 U.S.C. § 1692g.

78. The debt was Bonnie Kent and Teri Love's debt for payment of attorney fees in a business litigation matter where discovery sanctions of compensatory attorney fees were awarded to Fin City Foods which Devin Lucas represented. Plaintiff merely represented Bonnie Kent and Teri Love.

13
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

79. Plaintiff eventually sent Devin Lucas approximately $900.00 under threat of the California State Bar to try to buy her peace.

80. However, the correct amount owed was less than that amount. Instead of reimbursing Debtor the overpayment, Devin Lucas sent back a check leaving a $45.00 owed. The State Bar then filed Disciplinary Charges against Plaintiff to collect the debt for Devin Lucas who was collecting the fees for his client wherein the California State Bar would make $18,714.00 on collecting the $45.00 debt or another way of looking at it, for prosecuting a member of the State Bar for paying more than what was owed.

81. Defendants Alex Hackert, Brandon Tady and Paul Bernardino all assisted the State Bar in their prosecution on these debts.

82. Plaintiff tried a fraud case for client Nira Woods in Los Angeles Superior Court where she was awarded approximately $130,000.00 for her personal injury. Nira Woods saw the State Bar disciplinary proceeding and walked it into Ms. Albert's office demanding more money. Ms. Albert gave her money that satisfied her from the jury award but after Nira Woods had the money she was not satisfied. She then demanded that Ms. Albert represent her until the doctors and nurses lost their licens and she had her husbands organs returned to her. When Ms. Albert refused, Nira Woods demanded $20,000.00. When Ms. Albert refused, Nira Woods filed her false State Bar complaint and the State Bar prosecuted Ms. Albert for failing to give Nira Woods $20,000.00.

83. Defendants have threatened to take Ms. Albert's license to practice law if she does not pay the purported debt in violation of federal law.

84. Defendant California State Bar then demanded that Debtor pay a deposition reporter Susan Uccelli for taking a deposition in the case of Noble v Wells Fargo. Ms. Albert represented Ms. Noble who could not pay because she became incarcerated. When Debtor told the State Bar she could not pay, State Bar sent a letter notifying her that State Bar will prosecute her.

14
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

85. Defendants have threatened to take Ms. Albert's license to practice law if she does not pay the purported debt in violation of federal law.

86. After plaintiff's clients Brooke Noble, Christina Pasillas, Norman Koshak and others testified on plaintiff's behalf informing the court that they were not paying Ms. Albert and had no knowledge of Ms. Albert having any money, the State Bar of California turned around and then demanded that Debtor pay Bonnie Kent $96,000.00, Nira Woods $20,000.00 and David Bitzer approximately $6,500.00 or they will file more charges against her without any credible evidence to demonstrate that these amounts were owed.

87. Defendants have threatened to take Ms. Albert's license to practice law if she does not pay the purported debt in violation of federal law.

88. Plaintiff has not paid the disputed purported debt.

89. More than five days have passed since this initial communication.

90. Defendant has not, as of yet, supplied plaintiff with a written notice containing the information required by 15 U.S.C. § 1692g.

91. Plaintiff has demanded a list of State Bar complaints from defendants Maricruz Farfan, Alex Hackert, Brandon Tady, State Bar Communications and a litany of others at the State Bar but no one has given her a list of these rolling complaints that the State Bar intends to prosecute in violation of federal law.

92. Defendant's violations of this statute have caused plaintiff to suffer actual damages in the approximate amount to be proven at trial.

93. The California State Bar also communicated with Maegan Donovan Nikolic aka Maegan Nikolic, Greg Diamond and others connection with their collection efforts of the debt against Plaintiff.

94. These communications, included but were not limited to, on or about July 29, 2016 wherein defendant contacted Maegan Donovan aka Maegan Nikolic, a third party, and gave her an email communication Plaintiff sent defendant in connection with

15
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

Defendant's attempt to collect a debt, without prior consent of Plaintiff given directly to the debt collect, or the express permission of a court of competent jurisdiction, or reasonably necessary to effectuate a postjudgment judicial remedy.

95. Maegan Donovan aka Maegan Nikolic was not the Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 USC §1692c(b).

96. As a direct and proximate result of the State Bar's communication with Maegan Donovan aka Maegan Nikolic, Maegan Donovan aka Maegan Nikolic took the communication and posted it to social media, publicly mocking Plaintiff on or about July 29, 2016. Plaintiff protested to the State Bar, but Plaintiff is informed and believes and alleges thereon that Defendant passed on the information to Maegan with the intent to annoy, abuse, or harass plaintiff in violation of 15 USC §1692d.

97. On or about January 21, 2016 through the present the State Bar has published under Plaintiff's public State Bar profile that alleged Plaintiff has not certain debts to third parties and has refused to do so in violation of 15 USC § 1692d(3).

98. As a consequence of the publication on Plaintiff's public profile by the State Bar, Plaintiff has been harassed, oppressed, or abused in connection with the collection of those debts in violation of 15 USC §1692d.

99. Defendant State Bar of California and its prosecutors were complicit in the action of Maegan Donovan Nikolic creating a fake State Bar of California Facebook page and then posting disparaging things about Ms. Albert on that page making it appear that the State Bar was outing Ms. Albert for hurting homeowners and prosecuting her for the same. The State Bar was notified of this by Ms. Albert and it did nothing.

100.    Plaintiff is informed and believes and alleges thereon that the alleged debts the State Bar was attempting to collect upon were unenforceable and inaccurate; Plaintiff repeatedly asked the State Bar to cease and desist; the State Bar continued to attempt to

16
COMPLAINT
Albert-Sheridan v Farfan, et al
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

1   collect on those debts; as such the Debt Collector's conduct in attempting to collect on

2   those debts were abusive and oppressive in violation of 15 USC § 1692d.

3       101.    On or about December 15, 2015 through the present, defendant attempted

4   the collection of these alleged debts by false representing the character, amount or legal

5   status of the debt in violation of 15 USC 1692e(2)(A)

6       102.    On or about December 15, 2015 through the present, Defendant also

7   threatened to take action against Plaintiff, including taking her ability to practice law

8   away until she fully paid the third party creditors, which was a threat that cannot legally

9   be taken or that was not intended to be taken in violation of 15 USC § 1692e(5).

10      103.    On or about December 15, 2015 through the present, State Bar represented

11  or implicated that nonpayment of the debt to the third party creditors would result in the

12  disbarment or suspension of Plaintiff's license to practice law, and taking such action

13  was not lawful in violation of 15 USC §1692e(4).

14      104.    Defendant's mischaracterization of the debt as violating a court order under

15  Bus & Prof Code §6103 on or about December 15, 2015 through the present, was a

16  misrepresentation or implication that the Plaintiff committed a crime or other conduct in

17  order to disgrace Plaintiff in violation of 15 USC § 1692e(7).

18      105.    On December 15, 2015, defendant attempted the collection of an alleged

19  debt by serving plaintiff with a Notice of Disciplinary Charges and representing that the

20  alleged debt had been reduced to a final valid judgment.

21      106.    The debt had not been reduced to a final valid judgment but the State Bar

22  court would not allow plaintiff to prove that the judgments were void.

23      107.    Defendant further stated that non-payment of the debt would result in

24  disbarment or suspension of plaintiff's license to practice law, although that type of

25  action was not lawful and was not intended to be taken by the defendant or by any

26  creditor in violation of 15 USC § 6192e.

27

28

108.    On or about December 15, 2015 through the present Defendant State Bar used unfair or unconscionable means to collect or attempt to collect the debts by taking or threatening to take action to effect dispossession of plaintiff's law license for failure to pay a dischargeable lien, debt that was settled or discharged, or void order when there was no present right to possession by the State Bar in violation of 15 USC § 1692f.

109.    On or about December 15, 2015 defendant State Bar violated 15 USC §1692f(1) by filing its collection lawsuit against debtor for attorney fees award that were void due to the fact that the award was never reduced to a judgment, the judge never signed the minute order, the minute order did not recite basic required facts, and there was no proof the requisite items were personally served.

110.    On or about December 15, 2015 defendant State Bar violated 15 USC §1692(f) by filing its collection lawsuit against debtor because it never had the legal capacity or authority to commence or maintain a debt collection action against Plaintiff.

111.    Defendant has not, as of yet, supplied plaintiff with a written notice containing the information required by 15 U.S.C. § 1692g.

112.    From December 15, 2015 through August 8, 2016 the State Bar designed its forms knowing it would create a false belief that someone other than the creditor was attempting to collect those debts and so argued for them and requested them in court in violation of 15 USC § 1692j.

113.    Plaintiff asked Defendant Maricruz Farfan who she was supposed to pay the $8,927.00 to so that she could get her license reinstated and Maricruz Farfan said she did not know and never found out.

114.    None of the orders say who the payment is supposed to be made out.  This is unfair debt collection practice because the judgment lien is still recorded in the County Recorder's office and it is discriminatory because other State Bar orders and probation letters state exactly whom the payment is supposed to be made out to.

18
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

115.     As a result of Defendants' actions and each of them, plaintiff has been harmed. She has been made a target by the California State Bar since January 21, 2016 although she was not on probation then. She has lost clients, lost money for services rendered, had to try to pay for her peace, has been mocked, ridiculed, humiliated, told to others that these were sanctions for hurting homeowner clients that the State Bar defendants never denied, lost her ability to provide an income for her financial support – all because the State Bar decided to make the mission of a group of sovereign citizens actually unlawfully practicing law targeting Ms. Albert, the State Bar's mission, too.

116.     Alternatively to FDCPA claims, these same facts demonstrate that the defendants have absolutely abused their abused their power in violation of Ms. Albert's First Amendment, Fourth Amendment, Fifth Amendment and Fourteenth Amendment rights under 42 USC §1983 et seq. entitling her to damages.

117.     Alternatively to FDCPA and Constitutional rights claims, these same facts demonstrate that the defendants have absolutely abused their abused their power, the use of the State Bar court system, and retaliated against one of their Bar members, Ms. Albert entitling her to damages under Yick v Wo.

## FIFTH CAUSE OF ACTION

### BUS & PROF CODE §§ 6103, 6086.10 AND 6140.7 ARE UNCONSITUTIONAL

### Against the California State Bar

118.     Plaintiff incorporates the allegations in paragraphs 1 through 117 as though fully set forth herein.

119.     The individual defendants Maricruz Farfan, Brandon Tady, Alex Hackert, have been using the California State Bar to file debt collection actions against Debtor, and others similarly situated, carefully disguised as Disciplinary charges since on or about December 15, 2015.

120.     The California State Bar is not funded by tax revenue. It is solely funded by its members and a substantial portion comes from their fixed cost sheet for prosecutions

19
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                                    SA 8:18-bk-10548-ES

giving the employees a financial incentive to investigate, charge and prosecute for a certain result against a Bar member.

121.  For the purpose of this cause of action, the State Bar does not meet the government unit test because it can own property in its own name, sue and be sued in its own name and its revenue comes from its own members.

122.  Additionally, the California State Bar does not have any office of Internal Affairs or Internal Investigations to report wrongdoing or abuse by its employees, thus providing plaintiff no forum for relief. There are no checks and balances.

123.  Cal Bus & Prof Code §6140.7 conditions reinstatement of a suspension payment of full costs which is a fixed cost sheet of approximately $18,714.00 if a Bar member defends thierself.

124.  The costs statute as applied is Unconstitutional.

125.  Plaintiff has standing to bring this claim because she is being directly impacted by the costs statute in that it is preventing her from having her license reinstated.

126.  There is no legitimate reason to withhold Plaintiff's license conditioned on the payment of costs because it does not protect the public. Plaintiff was punished for representing the poor and underrepresented like Helen Koshak that could not afford to pay attorney fees if they lost a discovery motion. Withholding plaintiff's license because neither she nor her client could pay attorney fees to the other side does not protect the public. It is a coercive action declaring that attorneys should not represent the poor and underrepresented unless they are willing to pay their client's bills for them.

127.  Ms. Albert did not violate any rules of Professional Conduct, as such there is no rational relation in conditioning payment of such a substantial sum in order to have her license reinstated.

128.  Bus & Prof Code §6086.10 is also unconstitutional as applied

20
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-ES

129.     The law states that the figure is based on amounts the State Bar determines is reasonable, when the State Bar is funded exclusively by these costs it awards itself and annual membership fees. Moreover, the law states that if the bar member cannot afford the costs they will be waived by the State Bar but the State Bar does not waive the costs to members who cannot afford the costs across the board.

130.     Plaintiff has standing to bring this claim challenging §6086.10 on the grounds this law has been enforced against her and the State Bar refused to waive the costs or any portion of them although she is insolvent and cannot afford to pay the costs.

131.     The law is discriminatory as applied because it is used as a condition to reinstatement making the suspension more punitive than it appears on it face because impecunious Bar members who represent the poor and underserved cannot regain their license because they are too poor.

132.     Bus & Prof Code §6103 is unconstitutional as applied. also.

133.     Plaintiff has standing to bring this claim because she is being directly impacted by §6103. It is this section that the State Bar used to discipline Plaintiff for not paying Helen Koshak's debt to 10675 S Orange Park Blvd, LLC, Francis B. Lantieri and Gary A Schneider. It is being applied unconstitutional manner because Plaintiff believed in good faith that she did not have to pay that bill on several grounds including but not limited to the order was void and it was her client's responsibility by agreement. However, the State Bar court refused to allow her to prove that the order was void and would not recognize that she believed in good faith she did not have to pay it even though the lien was not filed until three years later when the disciplinary charges were filed against her.

134.     Additionally, §6103 is being used against Plaintiff in the Devin Lucas matter because she initially paid him too much and he rejected a partial payment. There is no rational relation to take a professional's license when she pays too much

21
COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                          SA 8:18-bk-10548-ES

135.    As a result of actions taken against plaintiff in enforcing these two statutes, plaintiff has been harmed. Her license has been purportedly suspended and the State Bar refuses to reinstate it.

136.    This harm is likely to continue because the State Bar is holding onto complaints and rolling them out one or two at a time so that they can charge $18,714.00 multiple times which plaintiff will never be able to pay thus warranting a declaration that the statutes are unconstitutional and enjoining the State Bar from enforcing them.

PRAYER

A. Wherefore the Debtor/Plaintiff prays for judgment as follows:

1. That actual (special and general) damages be awarded to Debtor against the individual defendants for the Third Cause of Action only;

2. Costs;

3. That attorneys' fees be awarded to Debtor's attorney if she obtains one in an amount to be determined by the Court after an evidentiary hearing;

4. A decree that the suspension by the State Bar was unlawful;

5. Preliminary and permanent injunction consistent with the allegations prohibiting Defendants from attempting to be debt collectors against Ms. Albert and barring them from suspending her license for failure to pay a debt;

6. An order mandating that judge Yvette Roland and the State Bar change back the status of Ms. Albert's license to active and eligible to practice law and delete the charges from her online profile;

7. An injunction enjoining the Orange County Registrar of Voters' office from removing Debtor from the ballot of the Orange County District Attorney race;

8. Punitive damages against Maricruz Farfan, Paul Bernardino, Alex Hackert, and Brandon Tady on the Third Cause of Action only;

22
COMPLAINT
Albert-Sheridan v Farfan, et al
In re Lenore Albert-Sheridan                    SA 8:18-bk-10548-CS

9. For such other and further relief as this Court may deem just and proper.

Dated: April 5, 2018                      Respectfully Submitted,


                                          /s/ Lenore L. Albert

                                          Lenore L. Albert, Esq.

                                          Debtor, pro se


PLAINTIFF hereby demands a jury trial on the punitive damages.

Dated: April 5, 2018                      Respectfully Submitted,


                                          /s/ Lenore L. Albert

                                          Lenore L. Albert, Esq.

                                          Debtor, pro se

COMPLAINT
Albert-Sheridan v Farfan, et al.
In re Lenore Albert-Sheridan                     SA 8:18-bk-10548-ES