**FOR PUBLICATION**



FILED & ENTERED

OCT 30 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte       DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Lenore LuAnn Albert-Sheridan,<br><br>Debtor(s). | CHAPTER 7<br><br>Case No.: 8:18-bk-10548-SC<br>Adv No:  8:18-ap-01065-SC<br><br>**ORDER ON REMAND FOLLOWING BAP DECISION REGARDING CALIFORNIA CONSTITUTIONAL CLAIMS** |
| Lenore LuAnn Albert-Sheridan,<br><br>Plaintiff(s),<br>v.<br><br>Maricruz Farfan, *et al.,*<br><br>Defendant(s). | |

The Court has considered the decision of the Bankruptcy Appellate Panel ("BAP") issued April 2, 2024,[1] which, *inter alia*, reversed this Court's prior dismissal of Debtor's claim under the California Constitution and remanded for further proceedings.[2]

---

[1] The decision was entered on the docket in this case on April 4, 2024, as Docket 571.

[2] The BAP held that the Court, in its Order entered June 29, 2021 [Dk. 174], erred in dismissing Albert's claim under the California Constitution and erred in dismissing Albert's claim that the State Bar violated the automatic stay by suspending Albert's law license during two discrete periods: (1) from the end of the minimum suspension under the California Supreme Court's 2017 Suspension Order on March 16, 2018 to June 1, 2018; and (2) from the conversion of Albert's bankruptcy case to Chapter 7 on June 26, 2018 to the entry of discharge on February 26, 2019 [Adv. Dk. 571] ("2024 BAP Decision").

-1-

In the 2024 BAP Decision, the BAP concluded that this Court possesses "related to" jurisdiction under 28 U.S.C. § 1334(b) because the outcome of the state constitutional excessive-fines claim could conceivably affect Debtor's nondischargeable obligations and her ability to resume the practice of law.[3] The BAP did not, however, resolve whether this Court may properly adjudicate the constitutional claim in light of limitations on federal review of state court decisions. Instead, the BAP expressly directed the Court on remand to evaluate: (1) whether the Court may or must decline to decide the claim under jurisdictional doctrines other than subject matter jurisdiction; (2) whether issue preclusion or claim preclusion stemming from the California Supreme Court's 2017 Suspension Order and 2019 Suspension Order bars the claim in whole or in part; and (3) whether the *Rooker-Feldman* doctrine prohibits a bankruptcy court from reviewing or modifying final attorney-disciplinary judgments issued by the California Supreme Court. Thus, the mandate requires the Court to resolve each of these threshold questions before considering the substantive merits of Debtor's state constitutional theories.

Having reviewed the dockets as a whole, and as set forth below, the Court determines that each independent doctrine – *Rooker-Feldman*, preclusion, and abstention – compels dismissal of the constitutional claim without reaching its merits.

I. Background[4]

Several years before Debtor and Plaintiff Lenore Albert-Sheridan (hereinafter "Albert") filed for bankruptcy, the State Bar of California ("State Bar") initiated an

---

[3] Specifically, the BAP stated: "We agree that Albert's constitutional claims do not 'arise under' the Bankruptcy Code; rather, they arise under applicable constitutional provisions. We also agree that those claims did not 'arise in' her bankruptcy case, because the same claims could arise in a non-bankruptcy setting. But Albert's claims were 'related to' her bankruptcy case because they affected the amount of Albert's nondischargeable obligations and thus 'could alter [her] rights, liabilities, options or freedom of action (either positively or negatively)….' [citation omitted]. The bankruptcy court has subject matter jurisdiction to determine the amount of any claim against the debtor, whether that claim is or is not discharged." [Dk. 571, pg. 45].

[4] This adversary has been pending since 2018. The underlying facts pertaining to Albert's dispute with the State Bar have been extensively litigated and are well-documented both in this adversary, as well as in the main case, including in the 2024 BAP Decision, and this Court's Order Granting the State Bar's Motion for Summary Judgment, entered June 21, 2022 [Dk. 391]. The Court adopts those factual recitations in full, as though fully set forth herein, and are not generally repeated for purposes of brevity, except where necessary.

investigation and commenced disciplinary proceedings against Albert, who was then a licensed attorney. *See* First Amended Complaint ("FAC") [Dk. 85] at 5:13-19. As a result of those proceedings, the California Supreme Court issued a disciplinary order dated December 2017 ("2017 Suspension Order"), which suspended Albert's license to practice law for 30 days and conditioned reinstatement upon her payment of discovery sanctions and disciplinary costs. *Id.* at 5:24-27.

Albert filed a Chapter 13 petition on February 20, 2018. *Id.* at 6:3-4. The case was converted to Chapter 7 on June 26, 2018. *Id.* at 6:22; Conversion Order, Case No. 8:18-bk-10548-ES [Dk. 198].

On April 6, 2018, Albert commenced this adversary proceeding by filing a complaint against the State Bar and several of its employees asserting five causes of action: (1) nondischargeability under 11 U.S.C. § 523(a)(7); (2) violation of 11 U.S.C. § 525(a); (3) violation of 42 U.S.C. § 1983; (4) violation of the Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act; and (5) a declaration that California Business and Professions Code §§ 6103, 6086.10, and 6140.7 are unconstitutional. *See generally* Original Complaint [Dk. 1]. After notice and a hearing, this Court dismissed the complaint, concluding that certain discovery sanctions and costs at issue were nondischargeable and that the remaining claims depended upon the premise that the entire amount was dischargeable. *See* Order Granting Motion to Dismiss (entered Aug. 9, 2018) [Dk. 48]. The Bankruptcy Appellate Panel affirmed. *See* B.A.P. Judgment (entered Apr. 26, 2019) [Dk. 69]. On further appeal, the Ninth Circuit affirmed in part, reversing only as to the determination that the discovery sanctions were dischargeable under § 523(a)(7). *See* Ninth Circuit Mandate (entered Jan. 28, 2021) [Dk. 74].

Albert was again suspended in July 2019, when the California Supreme Court issued a second disciplinary order against her ("2019 Suspension Order").[5]

---

[5] Albert was subsequently disbarred.

On June 4, 2020, Albert filed a second adversary complaint against the State Bar and two employees. *See* Adv. No. 20-ap-01095-SC [Dk. 1]. On April 14, 2021, the parties stipulated to consolidate the adversary proceedings and to permit Albert to file a consolidated amended complaint. *See* Stipulation to Consolidate [Dk. 76]. The Court approved the stipulation on April 20, 2021 [Dk. 78], and the cases were consolidated.

On April 28, 2021, Albert filed the operative First Amended Complaint ("FAC") [Dk. 85]. The FAC asserts the following claims: (1) nondischargeability under § 523(a)(7) against all Defendants; (2) violation of the automatic stay and discharge injunction against all Defendants; (3) violation of the Eighth Amendment (excessive fines) against the State Bar only; (4) violation of Article I, Section 17 of the California Constitution (excessive fines) against the State Bar only; and (5) violation of § 525(a) against the State Bar only, based on its alleged refusal to reinstate Albert's law license due to a discharged debt. *See* FAC [Dk. 85].

As noted above, in the Fourth Cause of Action in her First Amended Complaint filed April 28, 2021 [Dk. 85], Albert asserted that disciplinary costs assessed by the State Bar of California violate Article I, Section 17 of the California Constitution (the "Excessive Fines Clause"). The State Bar sought a dismissal of this claim, among others, in its motion to dismiss [Dk. 115], which the Court granted for lack of subject matter jurisdiction by an order entered June 29, 2021 [Dk. 174]. This dismissal was reversed by the BAP as noted above.

**II. The BAP's Mandate re: Subject Matter Jurisdiction**

The BAP found that this Court possessed subject matter jurisdiction and directed the Court to, *inter alia*, determine (1) whether it may or must decline to decide the constitutional claim on grounds other than subject matter jurisdiction, (2) whether the California Supreme Court's final decisions in the 2017 Suspension Order and the 2019 Suspension Order have preclusive effect that bars the claim in whole or in part, and (3) whether the *Rooker-Feldman* doctrine bars a federal court from addressing that claim.

Only if the claim survives all of those threshold challenges may the Court then consider the substantive merits of Albert's state constitutional argument. As set forth below, it does not.

### III. Subject Matter Jurisdiction on Remand[6]

As explained by the BAP,

> Bankruptcy courts have subject matter jurisdiction over proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. A proceeding "arises under" title 11 if it presents claims for relief created or controlled by title 11. A proceeding "arises in" a bankruptcy case if the claims would have no existence outside of a bankruptcy case, even if they are not explicitly created or controlled by title 11. *Double Diamond Distrib., Ltd. v. Garman Turner Gordon LLP (In re U.S.A. Dawgs, Inc.)*, 657 B.R. 98, 110 (9th Cir. BAP 2024) (citing *In re Ray*, 627 F.3d at 1131). "Related to" jurisdiction exists if
>
>> The outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy…. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.
>
> *Pacor, Inc. v Higgins*, 743 F.2d 984, 994 (9th Cir. 1984) (cleaned up), *partially overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995).

2024 BAP Decision, pg. 44-45.

The BAP held that while the California constitutional claims do not "arise under" or "arise in" title 11, such claims were "related to" the bankruptcy case because they affected the amount of her nondischargeable debts and thus could "alter [her] rights, liabilities, options, or freedom of action (either positively or negatively)." *Id.*

### IV. *Rooker-Feldman* Doctrine

Although the BAP held that this Court possesses subject matter jurisdiction under § 1334(b), the Court nevertheless lacks authority to review Debtor's California constitutional claim under the *Rooker-Feldman* doctrine. Federal district and bankruptcy courts have limited jurisdiction and may not act as appellate tribunals to review or

---

[6] When discussing subject matter jurisdiction, courts do so on a claim-by-claim basis. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006).

overturn state-court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman* applies where a federal plaintiff brings a "de facto appeal" of a state-court judgment, meaning the claim would effectively "reverse or modify" the state judgment. *See Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003).

Here, the injury Albert alleges as her constitutional harm, the imposition and enforcement of disciplinary costs as a condition of licensure is the direct result of the California Supreme Court's 2017 Suspension Order and the 2019 Suspension Order. Asking this Court to declare those costs unconstitutional would necessarily invalidate the suspension orders and constitute a prohibited collateral attack on those state orders. This is precisely the kind of de facto appeal *Rooker-Feldman* forbids. *See Scheer v. Kelly*, 817 F.3d 1183, 1186-87 (9th Cir. 2016) (holding that federal courts lack jurisdiction over claims requiring review of California Supreme Court attorney-discipline decisions)[7] and *Mora v. Black Horse Capital Inc.*, 2025 WL 19084025 (S.D. Cal. July 10, 2025) (dismissing due process challenge to unlawful detainer judgment for lack of jurisdiction where claim was an impermissible collateral attack on state court decision). In *Mora v. Black Horse Capital Inc.*, 2025 WL 19084025 (S.D. Cal. July 10, 2025), the district court dismissed a due process challenge as an impermissible attempt to collaterally attack a state unlawful detainer judgment, holding that *Rooker-Feldman* deprived the federal court of jurisdiction. As in *Mora*, Albert's constitutional theory is not independent of the state court proceedings: the alleged harm is inseparable from the state court's suspension orders, and the relief sought would negate the state judgment. The proper path for review of the California Supreme Court's attorney-discipline orders lies solely with the United States Supreme Court, not through a lower federal court exercising bankruptcy jurisdiction.

---

[7] In *Scheer v. Kelly*, 817 F.3d 1183 (9th Cir. 2016), the Ninth Circuit affirmed dismissal of a lawsuit brought by a California attorney who challenged the State Bar's disciplinary actions on due process grounds. The court held that the claim was barred under the *Rooker-Feldman* doctrine because the relief sought would have required the federal court to review and reject the California Supreme Court's disciplinary orders. *Scheer* thus confirms that lower federal courts lack jurisdiction to entertain constitutional challenges that would undermine or invalidate California Supreme Court attorney-discipline determinations, which is exactly the posture presented here.

The Ninth Circuit has held that federal bankruptcy courts cannot revisit state-court attorney-discipline determinations. *See, Scheer v. Kelly*, 817 F.3d 1183 (9th Cir. 2016); *see also Audre, Inc. v. Casey (In re Audre, Inc.)*, 216 B.R. 19 (9th Cir. BAP 1997) (holding that bankruptcy courts may not review or modify state-court judgments under the *Rooker-Feldman* doctrine); *Keenan v. River City Dev. Co. (In re Keenan)*, 201 B.R. 263 (Bankr. S.D. Cal. 1996) (same). Although the Ninth Circuit later clarified the narrowness of *Rooker-Feldman*, *see In re Harbin*, 486 F.3d 510, 519 (9th Cir. 2007), such narrowing reinforces its application here: the California Supreme Court's disciplinary orders were final, not interlocutory, and as previously noted, Albert's claims are inextricably intertwined with those final orders.

Accordingly, even though subject matter jurisdiction exists under § 1334(b), the Court is jurisdictionally barred from considering Albert's request to alter or invalidate the California Supreme Court's disciplinary rulings. *Rooker-Feldman* therefore independently requires dismissal.

Even if *Rooker-Feldman* were not dispositive, the BAP's remand instructions require this Court to assess whether preclusion doctrines independently bar relitigation of issues resolved in the 2017 and 2019 Suspension Orders. Because those disciplinary determinations were issued by the state's highest tribunal in the exercise of its inherent judicial authority over attorneys, this Court must consider the preclusive effect of those final judgments before any further review of the state constitutional claim.

**V. Preclusion**

The doctrine of issue preclusion prohibits relitigation of issues adjudicated in a prior action. *Child v. Foxboro Ranch Estates, LLC (In re Child)*, 486 B.R. 168, 172 (9th Cir. BAP 2013). As required under 28 U.S.C. § 1738, the Full Faith and Credit Act, the bankruptcy court applies the relevant state's preclusion principles. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001); *Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir. 1995).

Because the prior disciplinary decisions at issue were rendered by the California Supreme Court, California preclusion principles govern. *See In re Tolotti*, 2014 WL 4197847, at *5 (9th Cir. BAP Aug. 25, 2014). Under California law, issue preclusion bars relitigation of an issue if: (1) the issue sought to be precluded is identical to that decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the issue was necessarily decided in the prior proceeding; (4) the judgment in the prior proceeding is final and on the merits; and (5) the party against whom preclusion is sought is the same, or in privity with, the party to the prior proceeding. *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001) (citing *Lucido v. Super. Ct.*, 51 Cal.3d 335, 341 (1990)). In addition to meeting these threshold requirements, a California court may apply issue preclusion only if doing so furthers the underlying public policies of preservation of the integrity of the judicial system, promotion of judicial economy, and the protection of litigants from harassment by vexatious litigation. *Lucido*, 51 Cal.3d at 342-43. The party asserting issue preclusion bears the burden of proof as to all elements and must introduce a sufficient record to reveal the controlling facts and the exact issues litigated. *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (9th Cir. BAP 1995), *aff'd*, 100 F.3d 110 (9th Cir. 1996).

Here, the California Supreme Court's 2017 Suspension Order and the 2019 Suspension Order constitute final judgments issued by the state's highest court in the exercise of its inherent authority to regulate members of the legal profession. Those proceedings resolved Albert's responsibility to pay discovery sanctions and disciplinary costs as a condition of licensure and necessarily required that court to assess the propriety of those penalties.[8] To the extent Albert now asserts that those same cost assessments constitute "excessive fines" under the California Constitution, such an argument either was already presented to the California Supreme Court or could have been raised there.

---

[8] As noted elsewhere in these proceedings, the Ninth Circuit ultimately held that Albert's discovery sanctions were dischargeable.

Allowing Albert to revisit the California Supreme Court's disciplinary determinations in this forum would undermine finality, conflict with the principle of comity toward state court judgments and would encourage successive federal challenges to attorney discipline that the bankruptcy court has no institutional role to oversee. Application of preclusion here is therefore appropriate and compelled by both California law and overarching judicial policy.

**VI. Abstention**

Even if the foregoing doctrines did not apply, the Court would abstain under 28 U.S.C. § 1334(c)(1) in the interests of comity and respect for state law. "Section 1334(c)(1) provides for permissive abstention in both core and non-core proceedings." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehouseman & Helpers,* 124 F.3d 999, 1009 (9th Cir. 1997). A bankruptcy court should consider the following factors when deciding whether to abstain:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.),* 912 F.2d 1162, 1166-67 (9th Cir. 1990) (quoting *In re Republic Reader's Serv., Inc.,* 81 B.R. 422, 429 (Bankr. S.D.Tex. 1987) (internal quotation marks omitted)); *In re Falk,* 2013 WL 5405564, at *8 (9th Cir. BAP Sept. 26, 2013).[9]

---

[9] The eighth *Tucson* factor contemplates whether state law claims may be severed from core bankruptcy matters and resolved in the appropriate state forum. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.),* 912 F.2d 1162, 1166-67 (9th Cir.1990); *See also Wallace v. Guretzky*, 2009 WL 3171767 (E.D.N.Y. Sept. 29, 2009) (partially abstaining from an adversary proceeding pending resolution of state law claims).

The permissive abstention factors strongly favor declining jurisdiction here. First, determination of whether disciplinary cost assessments violate the California Constitution has no conceivable effect on the administration of the bankruptcy estate, as the BAP has already concluded that the costs at issue are nondischargeable. Second, state-law issues predominate entirely: the Fourth Cause of Action requires interpretation of Article I, Section 17 and direct evaluation of decisions made by the California Supreme Court in exercising its exclusive jurisdiction over attorney discipline. Third, the proceeding is remote from the core purposes of the bankruptcy case: it does not affect estate administration, creditor recovery, or Debtor's discharge and instead challenges state regulatory determinations grounded in public-protection concerns. Fourth, § 1334(b) provides the only jurisdictional nexus, underscoring that this is not a bankruptcy matter in substance. Each of these considerations confirms that comity and sound judicial administration weigh strongly in favor of abstention. Moreover, the record reflects that this adversary proceeding invites the kind of forum shopping that courts caution against when considering abstention. *See Tucson Estates*, 912 F.2d at 1167; *In re Falk*, 2013 WL 5405564, at *8.

Finally, the challenged disciplinary assessments stem from the State Bar's regulatory authority and the California Supreme Court's exercise of its inherent jurisdiction over attorney discipline which are matters of substantial public concern and ongoing state oversight.

In addition, mandatory abstention under § 1334(c)(2) independently applies. Mandatory abstention under 28 U.S.C. § 1334(c)(2) requires seven elements:

> (1) a timely motion; (2) a purely state law question; (3) a non-core proceeding [under] § 157(c)(1); (4) a lack of independent federal jurisdiction absent the petition under Title 11; (5) that an action is commenced in a state court; (6) the state court action may be timely adjudicated; (7) a state forum of appropriate jurisdiction exists.

*In re Gen. Carriers Corp.*, 258 B.R. 181, 189 (9th Cir. BAP 2001) (quoting *In re World Solar Corp.*, 81 B.R. 603, 606 (Bankr. S.D. Cal. 1988)). The California Constitution

1  claim presents purely state law issues that arise in the context of attorney discipline.
2  They are non-core under 28 U.S.C. § 157(c)(1)[10] and lack independent federal
3  jurisdiction absent Albert's bankruptcy filing. Moreover, the claims can and must be
4  resolved, if at all, by the California Supreme Court which is the tribunal of "appropriate
5  jurisdiction" that has already exercised authority over these disciplinary matters. See *In
6  re Gen. Carriers Corp.*, 258 B.R. 181, 189 (9th Cir. BAP 2001) (quoting *In re World
7  Solar Corp.*, 81 B.R. 603, 606 (Bankr. S.D. Cal. 1988)).
8      Accordingly, both permissive and mandatory abstention weigh heavily in favor of
9  declining to exercise jurisdiction.
10 ///
11 ///

---

[10] 28 U.S.C. § 157(c)(1) provides:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

**VII. Conclusion**

For all the foregoing reasons, IT IS ORDERED that:

1. The California constitutional claim is barred by the *Rooker-Feldman* doctrine;
2. The California constitutional claim is precluded by the California Supreme Court's final orders and the principles of res judicata;
3. Alternatively, and independently, the Court abstains from adjudicating this claim under 28 U.S.C. §§ 1334(c)(1) and 1334(c)(2); and
4. Albert's California constitutional claim is therefore DISMISSED.

**IT IS SO ORDERED.**

Date: October 30, 2025

Scott C. Clarkson
United States Bankruptcy Judge